GLADYS MARRERO DE VILLAFAÑE, Petitioner and Appellant, v. WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Defendant and Appellee.

No. AP-65-24. Decided October 14, 1965.

*William Fred Santiago,* and *Nilda M. Cordero de Gómez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for appellee.

PER CURIAM: Julio Villafañe is in the District Jail of San Juan serving a sentence for violation of the Drugs Act.

In his behalf, his wife filed a petition for Habeas Corpus in the Superior Court, San Juan Part, alleging that the sentence being served by said inmate was null and void inasmuch as the prisoner, Villafañe, had been arrested eleven months (thirteen months, as it was alleged during the hearing) after the undercover agent was aware of the commission of the offense.

The writ was issued and on the day set for the hearing the petitioner requested that the petition for Habeas Corpus be granted in view of the fact that a return had not been filed. This request was dismissed and then petitioner's counsel and the prosecuting attorney proceeded to argue the question of law raised in the petition for Habeas Corpus, after which the court dismissed the petition.

He contends on appeal that the trial court erred (1) in taking cognizance of the hearing of the Habeas Corpus without there being a return thereto, and (2) in upholding the validity of the prosecution against the defendant despite the fact that the information had been filed 15 months after the commission of the offense.

■ The errors were not committed. If a return had not been filed, clearly the remedy was not the one requested by petitioner, that is, that the Habeas Corpus be granted outright and the release of the prisoner be ordered. From the record it does not appear that the writ of Habeas Corpus was served on the Jail Warden. On the contrary, the trial judge affirms in his judgment that he was not served. On the other hand, when the motion for granting the Habeas

734

Corpus was denied, the parties, without further ado, and without requesting any other remedy, proceeded to argue the petition on its merits. The failure to file the return did not harm in any way the rights of the prisoner.

 The question raised by petitioner has already been decided against her by this Court in the cases *People* v. *Seda*, 82 P.R.R. 695 (1961); *People* v. *Superior Court*, 81 P.R.R. 445 (1959), and *Martínez* v. *Superior Court*, 81 P.R.R. 913 (1960).[1] The date on which the peace officer observed the commission of the offense is not the starting point to determine whether defendant's right to a speedy trial was violated, if he was not prosecuted within a specified time period, except in those extraordinary situations set forth in the above-cited cases, none of which is present in this case.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate.

---

[1] See also, *Jackson* v. *United States*, 34 U.S. L.Week 2153 and *Powell* v. *United States*, 34 U.S. L.Week 2129.